**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4310**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RONALD SCOTT,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:08-
cr-00034-AMD-1)

Submitted:  January 28, 2010          Decided:  March 4, 2010

Before MOTZ and AGEE, Circuit Judges,  and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary A. Ticknor, Elkridge, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Christopher Mason, Special
Assistant  United  States  Attorney,  Baltimore,  Maryland,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Scott entered a conditional guilty plea to possession of a firearm by a convicted felon, reserving the right to appeal the district court's denial of his motion to suppress evidence. Scott was sentenced to 180 months in prison. He appeals, contending that he was seized in violation of the Fourth Amendment and that the district court improperly denied the suppression motion. We affirm.

I

At approximately 6:00 a.m. on September 24, 2007, two Baltimore police officers were traveling in an area where heavy drug trafficking was known to occur between 5:00 a.m. and 9:00 a.m. The officers observed Scott slumped over in his car, apparently asleep. The officers approached the vehicle, knocked on a window, and, when Scott did not respond, knocked more loudly. Scott awoke and began to open the door. The officers shut the door and instructed him to roll the window down instead. Scott placed his key in the ignition and opened the window. In response to an inquiry about his well-being, Scott replied that "he was just coming down off his high." Scott's speech was slurred, and his eyes appeared glassy. Scott also

2

volunteered that he had been out "hacking," or operating an illegal taxi service, and was waiting for his fare to return.

The officers then asked Scott to exit the vehicle. He complied, removing his keys from the ignition. The officers placed the keys on the hood of Scott's car, turned him around, and placed his hands on top of the car. During a pat-down of Scott's outer garments, one officer felt the butt of a gun. The officers retrieved the gun and placed Scott under arrest.

The district court denied Scott's motion to suppress the firearm. The court determined that the Fourth Amendment was not implicated when the officers approached Scott, roused him, and initiated a conversation with him. Once Scott informed the officers that he was coming down from a high, however, the court found that the officers had probable cause to arrest him for possession of narcotics and to search him incident to that arrest.

II

In reviewing a district court's ruling on a motion to suppress, we review the district court's factual findings for clear error, United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), giving "due weight to inferences drawn from those facts by . . . judges and local law enforcement officers." Ornelas v.

3

United States, 517 U.S. 690, 699 (1996).  Legal conclusions on a motion to suppress are reviewed de novo.  Blake, 571 F.3d at 338.  When the district court denies a suppression motion, we review the evidence in the light most favorable to the Government.  United States v. Neely, 564 F.3d 346, 349 (4th Cir. 2009).

III

"[V]oluntary citizen-police encounters do not implicate the Fourth Amendment."  United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008).  While the Fourth Amendment prohibits unreasonable seizures of persons, a "seizure does not occur simply because a police officer approaches an individual and asks a few questions."  Florida v. Bostick, 501 U.S. 429, 434 (1991).  Absent a seizure, a police-citizen encounter is considered consensual and "will not trigger Fourth Amendment scrutiny."  Id. at 439.  If a reasonable person would feel free "to disregard the police and go about his business," California v. Hodari D., 499 U.S. 621, 628 (1991), "the encounter is consensual."  United States v. Farrior, 535 F.3d 210, 218 (4th Cir. 2008).  Whether an encounter is consensual is determined based upon the totality of the circumstances.  Bostick, 501 U.S. at 437.

4

Here, we agree with the district court that the Fourth Amendment was not implicated when the officers approached Scott, roused him, and inquired about his well-being. Scott was observed slumped over in his vehicle at a time and in a neighborhood known for significant illicit drug activity. Scott had the keys to the car, and the officers did not request--much less retain--his license or other identification. See United States v. Weaver, 282 F.3d 302, 310-13 (stating retention of identification "highly material" to whether encounter is consensual or constitutes a seizure). While the officers did close Scott's door and ask him to instead open the window in order to talk to him, we agree with the district court that this did not transform the encounter into a seizure. The officers neither said nor did anything to suggest that Scott's compliance was required or that Scott was not free to end the exchange. Rather, they made a request, with which Scott voluntarily complied. See INS v. Delgado, 466 U.S. 210, 215-16 (1984) (fact that person responds to officer or complies with request does not change consensual nature of encounter).


IV

Once Scott informed the officers that he was operating an illegal taxi service and was coming down from a "high," the

5

officers had probable cause to arrest him for a narcotics offense or for operating the taxi service. See Devenpeck v. Alford, 543 U.S. 146, 152 (2004) ("warrantless arrest . . . is reasonable . . . where there is probable cause to believe that a criminal offense has been or is being committed"). Further, the search of Scott's person was justified as a search incident to that arrest. See Chimel v. California, 395 U.S. 752, 763 (1969). It is immaterial that Scott's formal arrest occurred subsequent to the search of his person. See Rawlings v. Kentucky, 448 U.S. 98, 111 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of [the arrestee's] person, [it is not] particularly important that the search preceded the arrest rather than vice versa."). We agree with the district court that the search of Scott's person did not violate the Fourth Amendment.

V

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED